# Wilson v. Wilson

*Joseph H. Resnick*, for plaintiff.
*William T. Adis*, for defendant.

ALESSANDRONI, P. J., October 19, 1955.—Plaintiff filed a complaint in equity seeking the sale of property held as tenants by the entireties, under the Act of May 17, 1949, P. L. 1394, section 1, 68 PS §501. The complaint contains additional prayers for relief consisting of a claim by plaintiff for the return of personal property belonging to her alone and seeking to impress certain so-called "equitable" liens on defendant's in-

terest in the proceeds from the sale of property held by the entireties. Defendant filed preliminary objections. The objections are directed to the claim for return of personal property and the charging of unrecorded debts against defendant's share of the proceeds. The claims are said to be collateral and outside the purview of an action under the act cited.

The amendatory Act of 1949 provides, inter alia:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ."

68 PS §503 provides, inter alia:

"The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs. . . ."

It is clear, therefore, that only liens of record are a proper charge against the proceeds of the sale of property under this act. Manifestly, any debt, no matter how bona fide, which is not of record, cannot be charged. Therefore, the paragraphs of the complaint which set forth certain debts due to one Frank B. Hoke, are not well pleaded in this action and as to them the preliminary objections must be sustained.

The complaint avers that all of the personal property which plaintiffs seeks possession of and said to be wrongly withheld by defendant, is the property of plaintiff. Therefore, the claim for personal property which it is alleged belongs solely to the wife is also

outside the purview of an action under the Act of 1949, supra.

Plaintiff argues, however, that when equity takes jurisdiction of a matter, it may consider matters which are only cognizable at law, in addition to the equity jurisdiction. Pa. R. C. P. 1508 is cited to support plaintiff's position; that rule states that plaintiff may plead two or more causes of action cognizable in equity.

In Steinberg v. Steinberg, etc., 85 D. & C. 239, defendant filed an answer and counterclaim to a complaint instituted under the Act of 1949. The filing was not timely; however, the court held, even if filed in season, the counterclaim for personal property was not properly part of the proceedings. The action is purely statutory and is limited to that which the statute prescribes.

The counterclaim in Steinberg v. Steinberg, etc., supra, is identical with plaintiff's claim for furniture in the instant case and plaintiff's claim is manifestly outside the purview of the act in question.

Defendant's preliminary objection must therefore be sustained, because plaintiff has not stated two causes of action in equity. Marino v. Marino, 79 D. & C. 597, affords no support for plaintiff's position. The claim there was for moneys advanced for taxes, interest and amortization by the wife, after separation, but prior to divorce. Additionally, the order in that case dealt with the distribution of the proceeds of the sale, and with the rights of the parties inter sese, not with matters apart from the sale of property held by the entireties.

## Order

And now, to wit, October 19, 1955, defendant's preliminary objections to the complaint are sustained; leave is granted plaintiff to file an amended complaint within 20 days hereof.